## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| DAVID RAO. | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.: 16-8815 |
| vs. | ) |
| | ) PLAINTIFF DEMANDS |
| BOARD OF TRUSTEES FOR THE | ) TRIAL BY JURY |
| UNIVERSITY OF ILLINOIS, DR. KEITH | ) |
| MARSHALL, in his personal and official | ) |
| capacities, and TIMOTHY KILLEEN, in | ) |
| his official capacity, | ) |
| | ) |
| Defendants | |

## COMPLAINT

Now comes the plaintiff, David Rao, by and through his attorneys, Elaine K.B. Siegel & Assoc., P.C., and complaining against the defendants, states as follows:

## JURISDICTION AND VENUE

1. This action arises under Title II and Title III of The Americans with Disabilities Act; 42 USC 12101, et seq., and Section 504 of the Rehabilitation Act of 1973, 29 USC 701, et. seq. as well as pendent state claims

2. Jurisdiction is proper pursuant to 28 USC 1331.

3. Venue is proper pursuant to 28 USC 1392.

## PARTIES

4. At all times relevant to this Complaint, plaintiff David J. Rao was a U.S. citizen and a resident of Cook County, Illinois.

5. At all times relevant to this complaint, the Board of Trustees for the University of Illinois (hereafter BOT) were appointed, organized and derived their powers under the laws of the State of Illinois.

6. Amongst the powers of the BOT was to employ individuals as decision makers to effectuate the rules and regulations for the University of Illinois Urbana-Champaign Campus (hereafter UIUC).

7. At all times relevant to this complaint, Dr. Keith Marshall was employed by the BOT as the Associate Provost for Enrollment Management

8. At all times relevant to this complaint, Timothy Killeen was employed by the BOT as President of the University of Illinois.

9. Both Marshall and Killeen were and are decision-makers at the UIUC.

10. The Defendants recruit students and transact substantial business in Cook County, Illinois.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

11. This case is brought primarily pursuant to the Americans with Disabilities Act (ADA), 42 USC 12101, et seq., specifically, Titles II and III of the ADA; and pursuant to Section 504 of the Rehabilitation Act of 1973, 29 USC 701 et seq.

12. Prior to February 11, 2016, as a student at Lincoln Park High School ("Lincoln Park") in Chicago, Illinois, plaintiff applied for admission to UIUC.

13. On February 11, 2016, defendant Marshall on behalf of the BOT and UIUC sent plaintiff Rao a letter acknowledging that plaintiff's application for admission had been accepted (a true and correct copy of said letter is attached as Exhibit A).

14. In February, 2016, Rao accepted admission to UIUC through an on-line communication.

15. On May 23, 2016, plaintiff took a math placement exam at the insistence of the UIUC. That test demonstrated that plaintiff was competent to succeed academically at UIUC (a copy of Rao's score is attached hereto as Exhibit B).

16. During the first semester of his senior year at Lincoln Park, Rao suffered an episode of depression. Among other effects, he was unable to continue the high levels of academic achievement that he had maintained throughout his academic career.

17. On approximately January 11, 2016, Rao's depression was diagnosed by a psychiatrist, and he went into treatment, which ultimately restored his mental health.

18. Rao graduated from Lincoln Park in June, 2016, with a CPA of 3.79 (weighted).

19. To attend UIUC, Rao did not pursue, or rejected, other academic opportunities.

20. In July, 2016, Lincoln Park forward Rao's transcript to UIUC.

21. In response to an inquiry about his First Semester grades of his senior year, by email of July 30, 2016, to University of Illinois Regional Admissions Counselor Elizabeth Santiago, Rao disclosed his episode of depression in his senior year, its impact on his grades, his treatment and recovery, and his preparedness to begin his college career.

22. UIUC requested no further information or documentation regarding Rao's depression, his treatment, his fitness to commence his studies, or any reasonable accommodations he might need.

23. On August 5, 2016, without any prior warning, defendant Marshall, on behalf of the BOT and UIUC sent plaintiff a letter indicating that defendants had unilaterally rescinded plaintiff's enrollment at UIUC (a copy of said letter is attached as exhibit C).

24. On August 24, 2016, defendant Marshall gave the plaintiff a letter affirming the defendants' decision to rescind plaintiff's admission to UIUC (a copy of said letter is attached as exhibit D).

25. Defendants refused to engage in any interactive process in order to determine whether they could accommodate plaintiff's disability.

26. Plaintiff has a record of having the impairment of depression.

27. Plaintiff is a qualified individual with a disability as defined by the ADA.

28. Notwithstanding Plaintiff's episode of depression the first semester of his senior year at Lincoln Park, Plaintiff had qualifications to attend UIUC that met or exceeded the qualifications of similarly-situated students who did not have a disability, but who were admitted to study.

29. Title II of the ADA prohibits governmental entities, including States and their political subdivisions, from denying any person the full enjoyment and/or benefits of any program.

30. UIUC provides educational services and is a place of public accommodation defined by Title III of the ADA (see: 28 CFR 36.104).

31. Plaintiff enrolled for classes at the UIUC and paid substantial tuition and costs and expenses to attend classes at UIUC.

32. At all times relevant to this complaint, all defendants had actual or constructive knowledge of plaintiff's disability.

33. Plaintiff has suffered irreparable injury.

34. Plaintiff has no adequate remedy at law.

### COUNT I-VIOLATION OF THE AMERICANS WITH DISABILITES ACT

35. Plaintiff repeats and re-alleges his allegations in paragraphs 1-34 as his allegations for this Count I, as if fully restated herein.

36. Both Titles II and III of the ADA prohibit a covered entity from discriminating against an individual based upon his disabilities.

37. Defendants' decision to rescind plaintiff's admission to UIUC was based on his disability, depression.

38. It is undisputed that plaintiff's lower grades were caused by his disability, which is now being managed with therapy and medication.

39. Defendants' decision to rescind plaintiff's admission to UIUC did not take into account plaintiff's present ability to be academically successful.

40. Defendants' decision to rescind plaintiff's admission to UIUC and/or their refusal to engage in the interactive process are willful violations of plaintiff's rights under the ADA.

**WHEREFORE**, plaintiff respectfully prays that this Honorable Court, pursuant to statute and FRCP 65, plaintiff respectfully prays that this Honorable Court enter a preliminary and/or permanent injunction against the defendants compelling them to re-admit plaintiff as a student at UIUC immediately and allow him to remain enrolled as long as he meets all academic and behavioral standards.

Plaintiff further prays that this Honorable Court enter a judgment in his favor and against the defendants, jointly and severally, in the amount of $1,000,000.00 in compensatory damages plus costs and reasonable attorney's fees as the Court deems appropriate; and such other and further relief as this Honorable Court may deem just and equitable.

### COUNT II-SECTION 504 OF THE REHABILITATION ACT OF 1972 (FAILURE TO ACCOMMODATE

41. Plaintiff re-alleges his allegations of # 1-40 as his allegations for Count II herein.

42. This count is brought pursuant to section 504 of the Rehabilitation Act of 1973, 29 USC 701 et seq.

43. UIUC is a recipient of federal funds.

44. UIUC is a covered entity as defined by section 504.

45. Plaintiff is a qualified individual with a disability as defined by section 504.

46. Based upon the above described facts, plaintiff was subject to discrimination by a program receiving federal financial assistance, was denied access to full services offered

by the defendants and denied other further benefits of the program receiving Federal Financial assistance on the basis of his disabilities.

47. Defendants' actions are in violation of section 504 of the Rehabilitation Act of 1973.

**WHEREFORE,** plaintiff respectfully prays that this Honorable Court enter a judgment in his favor and against the defendants, jointly and severally in the amount of $1,000,000.00 for compensatory damages plus costs and reasonable attorney's fees.

Plaintiff further prays that this Honorable Court, pursuant to statute and FRCP 65, enter a preliminary and/or permanent injunction against the defendants compelling them to re-admit plaintiff as a student at UIUC immediately, and allow him to remain enrolled as long as he meets all academic and behavioral standards.

Respectfully submitted,

By: /a/ Elaine K.B. Siegel
One of the Attorneys for
Plaintiff David J. Rao

DATED: September 9, 2016

OF COUNSEL

Elaine K.B. Siegel
ELAINE K.B. SIEGEL & ASSOC., P.C.
53 West Jackson Blvd., Suite 405
Chicago, Illinois 60604
Tel. 312 339-8088
Email: ekbsiegel@post.harvard.edu